RECEIVED
JUL 01 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHIRLEAN TAYLOR, ET AL. | CONSOLIDATED<br>CIVIL ACTION NO. 00-2102 |
| versus | JUDGE HICKS |
| KERR McGEE CORP., ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

This civil action is the lead case that resulted from the consolidation of several related civil actions. Prior to consolidation, Kerr-McGee filed a Motion to Dismiss (Doc. 44 in member case 01-CV-2444) the claims of plaintiff Karen Williams because she failed to attend or participate in a mediation that was ordered by the court. The order that established the mediation warned that "any party who fails to attend on the date and at the time appointed and participate in the mediation, without just cause, will have all claims asserted against defendants herein dismissed without prejudice, pursuant to Rule 16 of the Federal Rules of Civil Procedure."

A similar Motion to Dismiss was filed by Illinois Central, prior to consolidation, as Doc. 46 in member case 01-CV-2445. The motion seeks dismissal with prejudice of all claims asserted by plaintiff Ethel Taylor. The motion concedes that the relevant parties did not submit proposed orders by which the court would specify a time for the mediation, but

the movant represents that there were written communications regarding the time each person was scheduled to appear for mediation. Counsel for movant implies that Ms. Taylor was served with such notice. The motion to dismiss was noticed for briefing, but Taylor's attorneys (who have since withdrawn) did not file any opposition.

The motion filed with respect to Karen Williams' claims requests only dismissal without prejudice. The motion attacking the claims of Ethel Taylor request dismissal with prejudice, but the undersigned suggests that the best exercise of the court's discretion in these circumstances is to dismiss the claims of both plaintiffs without prejudice. The plaintiff who did not receive an actual court order to appear (complete with a warning of the consequences of failure to appear) should not suffer a penalty more severe than a plaintiff who did receive such notice. The same result was recommended, and adopted by the district court, with respect to substantially similar motions that were filed with respect to other plaintiffs who failed to appear for mediation. See Report and Recommendation at Doc. 260 and Order at Doc. 261.

Accordingly;

**IT IS RECOMMENDED** that the Motion to Dismiss (filed as Doc. 44 in member case 01-CV-2444) be **GRANTED** and that all claims of **Karen Williams** be **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss (filed as Doc. 46 in member case 01-CV-2445) be **GRANTED** and that all claims by **Ethel Taylor** be **DISMISSED WITHOUT PREJUDICE.**

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 1st day of July, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Hicks