**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| TAYLOR, ET AL | CONSOLIDATED<br>CIVIL ACTION NO. 00-2102 |
| versus | JUDGE S. MAURICE HICKS, JR. |
| KERR MCGEE CORP, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are Motions to Dismiss and/or Motions for Summary Judgment filed by Defendants Kerr-McGee Corporation and Kerr-McGee Chemical LLC (collectively "Kerr-McGee") against Plaintiffs Alvin Dillard, Glenda Meyers, Opal Buckner, Willie Blackshire, Irma Rogers, Albert Dillard, Jr., Samuel Dillard [Doc. No. 327] and Linda Ford [Doc. No. 340]. Also before the Court are Motions to Dismiss and/or Motions for Summary Judgment filed by Defendant Illinois Central Railroad Company ("ICRR") against Plaintiffs Alvin Dillard, Glenda Meyers, Willie Blackshire, Albert Dillard, Jr., and Samuel Dillard [Doc. No. 356], Opal Buckner, Irma Rogers [Doc. No. 360], and Linda Ford [Doc. No. 358]. Also before the Court are Motions in Limine filed by Defendant Kerr-McGee [Doc. No. 331] and Defendant ICRR [Doc. No. 354]. For the reasons which follow, the Motions for Summary Judgment [Doc. Nos. 327, 340, 356, 358] are **GRANTED**. The Motion to Dismiss [Doc. No. 360] is **DENIED AS MOOT**. The Motions in Limine [Doc. Nos. 331, 354] are **DENIED AS MOOT.**

## BACKGROUND

This litigation originally involved a large group of people who claimed that exposure to creosote from Kerr-Mc-Gee's Moss American facility in Bossier City, Louisiana caused various medical conditions. Only 8 plaintiffs remain. This consolidated case is among the oldest pending in the division.

On June 3, 2005, the Magistrate Judge issued an Order which set August 1, 2005 as the deadline for Plaintiffs to submit their expert information and reports and witness lists to the Defendants. [Doc. No. 286] On July 29, 2005, the Magistrate Judge issued an Order which gave the Plaintiffs an additional two weeks (until August 15, 2005) in which to submit their expert reports and information and witness lists. [Doc. No. 312] The Order further stated that no further extensions would be granted.

In spite of the directive contained in the July 29, 2005 Order, the Plaintiffs filed another Motion for an Extension of Time. [Doc. No. 309] Noting the desire for a speedy resolution of the matter, and noting the generous two-month extension which had already been granted to the Plaintiffs, the Magistrate Judge denied the Motion for yet another extension. [Doc. No. 349] The Defendants have now moved for a dismissal based upon the Plaintiffs' failure to comply with the August 15 deadline, or alternatively, summary judgment based on the Plaintiffs' lack of expert evidence to show that their medical conditions were caused by their alleged exposure to creosote.

## LAW AND ANALYSIS

**I.    Summary Judgment Standard.**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d

489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant can not meet this burden, then "the motion for summary judgment must be granted." Id., Little, 37 F.3d at 1076.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

## II. Proving Causation in a Toxic Tort Case.

A plaintiff in a tort action must prove every essential element of his case, including medical causation, by a preponderance of the evidence. Lasha v. Olin Corp., 625 So.2d 1002 (La. 1993). Causation is the fundamentally important linchpin connecting allegedly wrongful conduct to liability; and therefore, [i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "In toxic tort litigation, however, causation is not a simply

matter for the jury. The plaintiff must establish by a preponderance of the evidence the presence of the injury causing substance, that he or she has been exposed to the substance, and that the exposure has resulted in certain injuries." A Guide to Toxic Torts (MD) § 10.01[2](a) at 10-5 (1995). "In cases claiming personal injury from exposure to toxic substances, it is essential that the plaintiff demonstrate that [he or] she was, in fact exposed to harmful levels of such substances." Maddy v. Vulcan Materials, Co., 737 F. Supp. 1528, 1533 (D. Kan. 1990).

Defendants have moved for summary judgment based, in part, upon the Plaintiffs' complete lack of expert evidence to link their various maladies to any alleged exposure to creosote. Plaintiffs strenuously oppose the motions, and have submitted some information supporting their subjective beliefs that they have been harmed by exposure to creosote. However, they have offered no **competent summary judgment evidence** under Federal Rule of Civil Procedure Rule 56 to create a genuine issue of material fact. Further, even if the documents from the Department of Environmental Quality and the medical records submitted were competent summary judgment evidence (which they are not), Plaintiffs still have no evidence to link their claimed injuries to their alleged exposure to creosote. Uncorroborated internet information submitted by the Plaintiffs about the potential side effects of creosote is not enough. Plaintiffs simply cannot meet their burden of proof without expert medical testimony. They have none.

Viewing the facts in a light most favorable to the Plaintiffs, the Court finds that summary judgment dismissing their claims is proper as a matter of fact and law.

### III. ICRR's Motion to Dismiss the Claims Made by Plaintiffs Opal Buckner and Irma Rogers

Defendant ICRR has also filed a motion to dismiss the claims made against it by Plaintiffs Opal Buckner and Irma Rogers based on the settlement of those claims. [Doc. No. 360] However, this Court previously dismissed with prejudice Ms. Rogers' claims against ICRR on October 31, 2003 [Doc. No. 207]. Likewise, the Court previously dismissed with prejudice Ms. Buckner's claims against ICRR on March 25, 2004. [Doc. No. 218] Accordingly, ICRR's motion to dismiss those already dismissed claims is denied as moot.

**CONCLUSION**

The Court finds that the Plaintiffs have not provided sufficient evidence to survive summary judgment. There are no genuine issues of any material fact. Summary judgment in favor of Defendants Kerr-McGee Corporation and Kerr-McGee Chemical LLC and against Plaintiffs Alvin Dillard, Glenda Meyers, Opal Buckner, Willie Blackshire, Irma Rogers, Albert Dillard, Jr., Samuel Dillard and Linda Ford is proper as a matter of fact and law. Likewise, summary judgment in favor of Defendant Illinois Central Railroad and against Plaintiffs Alvin Dillard, Glenda Meyers, Willie Blackshire, Albert Dillard, Jr., Samuel Dillard and Linda Ford is proper as a matter of fact and law.

Therefore:

**IT IS ORDERED** that the Motions for Summary Judgment filed by Defendants Kerr-McGee Corporation and Kerr-McGee Chemical LLC [Doc. Nos. 327, 340] and the Motions for Summary Judgment filed by Defendant Illinois Central Railroad Company [Doc. Nos. 356, 358] be and are hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Illinois Central Railroad Company's Motion to Dismiss [Doc. No. 360] be and is hereby **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the both Defendants' Motions in Limine [Doc. Nos. 331, 354] be and are hereby **DENIED AS MOOT.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 5th day of January, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE